THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LOCK REALTY CORPORATION IX, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:05-CV-0715 RM |
| | ) | |
| U.S. HEALTH, LP, et al., | ) | |
| | ) | |
| Defendants | ) | |

<u>OPINION AND ORDER</u>

This contract dispute arose from the alleged breach of a lease agreement for a nursing home known as the Americare Living Center of Goshen. During the course of litigation, the parties entered into a release and settlement agreement whereby the defendants agreed to the entry of judgment should they breach the terms of the agreement. Judgment was entered pursuant to this agreement on June 21, 2006 against U.S. Health, LP, John and Rebecca Bartle, and Larry New in the amount of $485,430.56, with a supplement judgment for attorneys' fees in the amount of $29,238.85 entered on July 14. On August 31, Lock Realty moved to amend these judgments to add Americare Living Centers III LLC, and a hearing on the motion was held on September 11. The court granted Lock Realty's motion, and an amended judgment was entered on September 25. This matter is now before the court on Americare III's motion to alter or amend the September 25 judgment, to which Americare III was added to as a judgment debtor.

As an initial matter, Americare III moves to amend the judgment under Rules 52 and 59 of the Federal Rules of Civil Procedure, but Rule 52 is inapplicable because this case wasn't an "action[ ] tried upon the facts," which requires the court to make findings of fact. *See* FED. R. CIV. P. 52; *see also* <u>Stewart v. United States</u>, 716 F.2d 755, 766 (10th Cir. 1982) (Rule 52 findings only required after non-jury trial or dismissal after presentation of the plaintiff's evidence). The initial judgment was entered pursuant to an agreement by the parties, and the judgment was then amended under Rule 60(b). Rule 52 by its own terms doesn't apply to motions to alter   judgment: "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in subdivision (c) of this rule." FED. R. CIV. P. 52(a). Subsection (c) isn't relevant because it applies only to judgments made on partial findings during a bench trial. *See* FED. R. CIV. P. 52(c); *see also* <u>Microfinancial, Inc. v. Premier Holidays Intern., Inc.</u>, 385 F.3d 72, 76 (1st Cir. 2004).

A claimant can invoke Rule 59(e) to direct a court's attention to matters such as newly discovered evidence or a manifest error of law or fact. <u>Russell v. Delco Remy Div. of General Motors Corp.</u>, 51 F.3d 746, 749 (7th Cir. 1995). Americare III presents no newly discovered evidence but argues instead that the judgment should be amended because (1) the court improperly amended the judgment under Rule 60(b), (2) it shouldn't have been added to the judgment because its liability is based upon a different theory than the other defendants,

and (3) there is insufficient evidence in the record to support piercing its corporate structure.

Americare III says "a court's ability to alter or amend a judgment is governed by Fed. R. Civ. P. 59(e) and is not available under Fed. R. Civ. P. 60," so Lock Realty's previous motion to amend judgment should've been characterized as a Rule 59(e) motion and denied as untimely. The court doesn't agree. "Rules 59(e) and 60(b) provide for different motions directed to similar ends." <u>Helm v. Resolution Trust Corp.</u>, 43 F.3d 1163, 1166 (7th Cir. 1995)("Rule 59(e) generally requires a lower threshold of proof than does 60(b), but each motion seeks to erase the finality of a judgment and to allow further proceedings."). The title of a motion to modify a judgment substantively (a motion to alter or amend judgment or a motion to provide relief from judgment) isn't dispositive of its character. *See* <u>U.S. v. Deutsch</u>, 981 F.2d 299, 300 (7th Cir. 1999).

The court of appeals has established a different bright-line rule for distinguishing 59(e) motions from 60(b) motions: "the time of a motion's service controls whether a motion challenging a judgment is a 60(b) or a 59(e) motion." <u>Helm v. Resolution Trust Corp.</u>, 43 F.3d at 1166. Such a motion, if served within ten days of a final judgment, is a 59(e) motion; a motion served more than ten days after a final judgment is a 60(b) motion. <u>Id.</u> Lock Realty's motion properly sought to alter the judgment under Rule 60(b) because it was based upon "specific grounds for modification" — misrepresentation by an adverse party. *See* <u>U.S. v. Deutsch</u>, 981 F.2d at 301 ("...substantive motions to alter or amend a judgment

served more than ten days after the entry of judgment are to be evaluated under Rule 60(b)...," but such "... substantive motions served from the eleventh day on must be shaped to the specific grounds for modification or reversal listed in Rule 60(b)-they cannot be general pleas for relief.").

Americare III also says that it shouldn't have been added as a judgment debtor because its liability is based upon a different theory of recovery from the other defendants — a theory of recovery which the record doesn't support. The court doesn't agree, because Americare III's liability stems from its common identity with the other defendants who entered into a settlement agreement. That agreement included a consent to judgment for certain amounts, so the other defendants' liability was never contested or decided by the court after the presentation evidence. *See* La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V., 914 F.2d 900, 906 (7th Cir. 1990)(consent judgments definitively settle the issue between the parties, but isn't actually litigated on the merits). Whether sufficient evidence exists to support a finding of liability against Americare III under a different contractual theory is therefore irrelevant. Americare III is liable for all amounts U.S. Health, the Bartles, and Mr. New consented to in the stipulation that was reduced to judgment.

Finally, Americare III says that it shouldn't be bound as a judgment debtor because "the evidence before the Court does not support piercing [its] corporate structure." Americare III argues the court erred by not considering several factors enumerated by the Indiana Supreme Court for determining whether an entity's

corporate structure should be pierced. *See* Aronson v. Price, 644 N.E.2d 864, 867 (Ind. 1994). The court doesn't agree.

Aronson v. Price "specifically concerned piercing the corporate veil in order to hold a shareholder personally liable for a corporate debt; [ ][the Indiana] supreme court was not asked in that case to hold one corporation liable for another closely related corporation's debt." Smith v. McLeod Distributing, Inc., 744 N.E.2d 459, 463 (Ind. Ct. App. 2000). The Indiana courts have therefore limited the application of Aronson v. Price:

> We do not believe the eight Aronson factors were intended to be exclusive, particularly when a court is asked to decide whether two or more affiliated corporations should be treated as a single entity." In fact, Indiana courts (in cases cited by Aronson) have often evaluated additional factors in such a situation, factors that would not be applicable where one was attempting to pierce the corporate veil to hold a corporation's directors, officers, or shareholders personally liable for a corporate debt.

Smith v. McLeod Distributing, Inc., 744 N.E.2d at 463; *see also* Oliver v. Pinnacle Homes, Inc., 769 N.E.2d 1188, 1192 (Ind. Ct. App. 2002) ("...in a case[ ]where a plaintiff seeks to pierce the corporate veil in order to hold one corporation liable for another closely related corporation's debt, the eight Aronson factors are not exclusive ..."). When considering whether two corporation are a "single enterprise," courts  may consider additional factors, including "whether: (1) similar corporate names were used; (2) the corporations shared common principal corporate officers, directors, and employees; (3) the business purposes of the corporations were similar; and (4) the corporations were located in the same offices and used

the same telephone numbers and business cards." Oliver v. Pinnacle Homes, Inc., 769 N.E.2d at 1192.

The court found the overlap between U.S. Health and Americare III in their employees, business purposes, and offices indicative of their common identity. Americare III disagrees that such a finding alone justifies piercing the corporate structure, but the court also found the evidence submitted in support of the motion to amend demonstrative of how the defendants' use of this common identity would unjustly allow them to escape liability from the operation of one corporation for the benefit of the whole enterprise. Such findings are sufficient to ignore the corporate structure for purposes of liability among affiliated corporations. *See* Oliver v. Pinnacle Homes, Inc., 769 N.E.2d at 1192 (citing Smith v. McLeod Distributing, Inc., 744 N.E.2d at 464-465 (despite the plaintiff presenting little evidence relevant to the Aronson factors, the court pierced the corporate structure finding "equity requires that Colonial Mat be held liable for the debt at issue [ ] in order to protect an innocent third party" because "Smith [the individual defendant] treated Colonial Mat and Colonial Industrial d/b/a Colonial Carpets as if they were adjunct corporations, or mere alter egos or instrumentalities of each other that shared a common identity.")).

Americare III hasn't pointed to anything in the record that demonstrates a manifest error of law or fact, so its motion to amend judgment [Doc. No. 62] is DENIED.

SO ORDERED.

Entered:  November 28, 2006

                    /s/ Robert L. Miller, Jr.
                    Chief Judge
                    United States District Court