UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| LOCK REALTY CORPORATION IX, | ) | |
| --- | --- | --- |
| Plaintiff | ) | |
| v. | ) | CASE NO. 3:05-CV-715 RLM |
| U.S. HEALTH, LP, *et. al.*, | ) | |
| Defendants | ) | |

OPINION AND ORDER

The parties filed cross-appeals challenging various prior rulings in Lock I and Lock II. The court of appeals found no error, affirmed the judgments, taxed costs against the defendants, and summarily granted Lock Realty's motion for attorneys' fees, and remanded for a determination of the proper amount due. <u>Lock Realty Corp. IX v. U.S. Health, LP</u>, 707 F.3d 764, 770-74 (7th Cir. 2013). Following the remand, defendants (collectively referred to as "Americare" for simplicity) also moved for appellate fees, seeking fees for services rendered in responding to Lock Realty's appeal. Lock Realty countered with a motion for fees related to its efforts to collect on the judgments. For the following reasons, the court denies the motions.

Whether Lock Realty is entitled to fees on appeal under the terms of the lease and guaranties isn't a question for this court at this point. The court of appeals already determined that it is. The first question is whether Americare also is a prevailing party. Americare says it is the prevailing party on Lock Realty's

appeal and is entitled to reasonable fees for time expended on issues raised in that appeal. Americare seeks a total of $55,312.00 (213.1 hours at hourly rates ranging from $210-$305 for three attorneys).

> Lock Realty presented three issues on appeal:
>
> (1) whether [this] court abused its discretion when it struck [Jean] Tipton's expert opinion, denied Lock's motion to strike the opinions of Greg Jurgonski and Bonnie Mitchell, and denied Lock's motion to supplement its evidence of future damages; (2) whether on the record that existed, Lock showed that there were no genuine issues of material fact on its claim for future rent damages, and thus was entitled to summary judgment on that point; and (3) whether [this] court abused its discretion by allowing Americare to assert its setoff defense and by refusing to allow Lock to conduct discovery on that issue.

Lock Realty Corp. IX v. U.S. Health LP, 707 F.3d at 770. Americare presented two appellate issues:

> (1) attack[ing] [this] court's decision to permit [Timothy] Maher's affidavit to be used in support of attorneys' fees in both Lock I and Lock II, and (2) argu[ing] that the district court erred both in awarding fees to Lock and in refusing to adjust the amount of fees to reflect Americare's success on its setoff argument.

Id.

The court of appeals found no abuse of discretion with respect to the first and third issues that Lock Realty raised, and held that Lock Realty couldn't satisfy its burden of proof with respect to the second once the court "rejected [Ms.] Tipton's report and denied Lock's motion to supplement the record." Id. at 770-773. The court of appeals also rejected Americare's arguments, holding that this court didn't err in admitting Mr. Maher's affidavit as support for Lock Realty's fee

2

requests and didn't abuse its discretion "in its decision to award fees or in the amount of the fees and costs it selected." Id. at 773-774.

The decision was ultimately a draw. Neither side prevailed on its own appeal; each prevailed on its opponent's. In the end, the parties spent a great deal of time and energy simply to maintain the status quo.

Lock Realty responds that the law of the case doctrine precludes an award of fees to the defendants because both the appellate and district court have previously determined that Lock was the prevailing party in the underlying litigation; the court of appeals specifically considered and rejected defendants' argument when it granted Lock Realty's motion for fees in connection with the appeal; and the outcome of the appeals doesn't change that determination. But Lock Realty offers no law or evidence for the proposition that Indiana law and the lease would not allow both sides to be prevailing parties if there are multiple actions in which attorney fees are incurred.

The lease expressly provides that:

> In the event *either* party brings an action against the other to enforce any condition or covenant of this lease, *the prevailing party in such action* shall be entitled to recover the court costs and reasonable attorneys' fees in the judgment rendered through such action.

(Emphasis added). [Doc. No. 1-2, paragraph 17].

Americare says the proceedings in this court were one action, and the proceedings in the court of appeals were another action (or maybe three other actions). Lock Realty argues that an appeal is not "an action", but the lease

doesn't limit the type of actions that can be brought, and Lock Realty hasn't provided any legal authority to support its position.

But assuming Lock Realty brought a new action (the appeal) to enforce its interpretation of the lease, the results don't make Americare a prevailing party. Neither party won on appeal; the best that can be said about Americare is that it didn't lose. Americare went to the court of appeals with a judgment against it for around $2 million and left the court of appeals with the same judgment against it. Not losing isn't the badge of a prevailing party.

The same might be said with respect to Lock Realty: it went to the court of appeals with a judgment for around $2 million, and left the court of appeals with the same judgment in its favor. But Lock Realty takes a more holistic view of the litigation: it, not Americare, has the judgment in its favor, so, as Lock Realty sees it, it is the prevailing party in this single dispute that spawned five cause numbers. This reading of things that is more consistent with the court of appeals' post-appeal determination that Lock Realty is a prevailing party for purposes of an award of appellate attorney fees. The matter was remanded to this court to determine a reasonable attorney fee for Lock Realty.

Lock Realty maintains that nine attorneys expended more than 328 hours, at hourly rates ranging from $265.00 to $465.00, on the appeal and cross-appeals, and asks the court to award a total of $136,795.00 in fees for those services. Americare objects, contending that: (1) Lock Realty didn't prevail on the issues raised in its appeal and shouldn't be allowed to recover the fees incurred

4

($40,847.00) for work relating to those issues; (2) Lock Realty used block billing containing compensable and non-compensable time and didn't identify how much time it spent on compensable work (services related to the Americare's cross-appeals), so the court should exclude the amount requested in those entries ($75,999.00); and (3) the time sheets contained duplicative billings (totaling $25,673.50), that were excessive, unnecessary, and unreasonable and should be disallowed.

Lock Realty also seeks a separate fee award for its efforts to collect on its judgment. The judgments in 3:05-CV-715 and 3:06-CV-487 ultimately were satisfied out of the bond Americare posted on appeal and Magistrate Judge Nuechterlein's December 11, 2012 order [Doc. No. 386] stayed collection efforts. Lock Realty filed a motion for attorneys' fees related to collection efforts in other courts, asserting that eleven attorneys and two paralegals spent a total of 389 hours, at hourly rates ranging from $250 to $505 for attorneys and $180-$195 for paralegals, for a total of $152,388.50 trying to collect on the judgments. Lock Realty subsequently conceded that some of the billing entries on its time sheet related to the appeal, not collection, and reduced the amount of its fee request to $138,815.00, to correct the $13, 561.50 error. *See* [Doc. Nos. 222 in 3:05-CV-715] and [Doc. No. 413 in 3:06-CV-487].

Americare objects to this fee petition, arguing that: (1) awarding fees for collection exceeds the scope of the remand; (2) Lock Realty's motion was untimely under Fed. R. Civ. P. 54(d)(2)(B) because it wasn't filed within fourteen days of the

5

appellate court's final judgment; (3) Lock Realty used block billing that contains compensable and non-compensable tasks, and hasn't presented any evidence regarding the amount of time expended on the compensable tasks; (4) the judgments were satisfied from the bond by June 5, 2013, so any time expended after that date is not compensable; (5) any fee award should be limited to the proceedings supplemental in this court because Fed. R. Civ. P. 69(a)(1) provides that a money judgment is enforced by a writ of execution, and Lock never obtained a writ from this court; and (6) if Lock Realty is entitled to fees for actions taken in other proceedings before other courts, those fees should be awarded in those cases by those courts, not here.

An award of fees for Lock Realty's collection efforts wouldn't exceed the scope of the mandate.

> [T]he mandate is only controlling "as to matters within its compass." *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168, 59 S.Ct. 777, 83 L.Ed. 1184 (1939). On remand, the district court retains the authority to dispose of other issues not addressed. *See id*....Put simply, the law of the case "does not extend to issues an appellate court did not address." *Luckey v. Miller*, 929 F.2d 618, 621 (11th Cir. 1991).

Moore v. Anderson, 222 F.3d 280, 283-284 (7th Cir. 2000). The dispute over attorney fees relating to Lock Realty's collection efforts is part of the same case or controversy as the underlying litigation, so the court has supplemental jurisdiction to hear Lock's motion for fees. Baer v. First Options of Chicago, Inc., 72 F.3d 1294, 1298-1301 (7th Cir. 1995). And of course, Americare could have moved to stay enforcement pending appeal and posted a bond sooner, if it wanted

6

to avoid incurring additional costs.

Under Indiana law, the reasonableness of a fee award is directly related to the necessity of the litigation. Zaring v. Zaring, 39 N.E.2d 734, 737 (Ind. 1942). The court can't reduce "an otherwise reasonable fee request based on the amount of the judgment," Benaugh v. Garner, 876 N.E.2d 344, 348 (Ind. App. 2007), this record provides too little support for a finding that it was necessary or reasonable for Lock Realty to incur additional attorney fees and expenses for its appeal. To avoid an excessive award, a court should apportion the fees "according to the significance of the issues upon which a party prevails, balanced against those on which the party does not prevail." Olcott Intern. & Co., Inc. v. Micro Data Base Systems, Inc., 793 N.E.2d 1063, 1079 (Ind. App. 2003).

The court agrees with Americare that Lock Realty's submissions make it impossible, from a practical standpoint, to determine a reasonable fee award on either of its petitions. In its October 3, 2011 order on Lock Realty's earlier fee petition, the court noted that courts discourage the use of block billing because of the challenges it creates in trying to determine what time is compensable and what is not. Lock Realty's attorneys and paralegals engaged in both compensable and non-compensable post-judgment time. The time spent on Lock Realty's appeals can't be considered reasonable for purposes of a fee award. Further, as Americare points out, Lock Realty's submissions includes several instances of duplicative billing.

Lock Realty appears to have tried to correct some of the problems noted in

Americare's response brief. In its reply brief, Lock Realty shifted some hours from the category of appeal to the category of collection. Since that shift is found only in a reply brief to which Americare had no right to respond, and isn't supported by any affidavit, it's hard to know what to do with that bookkeeping amendment.

Lock Realty has the burden of proving, not simply that it incurred attorney fees and expenses, but that its fees were reasonable within the meaning of Indiana law. Everything claimed in Lock Realty's exhibit might be reasonable, but Lock Realty makes no persuasive argument as to why Americare should pay the fees Lock Realty incurred in its unsuccessful challenges to the judgment or why Americare should pay $50,000 spent on collection after the judgments were satisfied from the bond. If federal law governed these issues, the court would be tempted simply to reduce Lock Realty's request by some percentage in an effort to roughly estimate what a reasonable fee might be. As already noted, however, Indiana law doesn't allow such a reduction.

That leaves the court to try to "flyspeck" Lock Realty's submissions, trying to cleave the compensable from the noncompensable in block billings and continuously looking back (in light of duplication already being found) to see if an hour on one page duplicates the same hour elsewhere in the submissions. The court has absolutely no way to discern whether more hours were miscategorized in the original submission. Americare tried to do some of these things, at least to an extent, in preparing its response. Neither side could complain if the court spent more time in such an entry-by-entry study of Lock Realty's submissions.

But as between Lock Realty and the court, it was Lock Realty's obligation to show the court what it was entitled to recover. In October 2011, the court combed through Lock Realty's submission, criticized its block billing and duplicative entries, and found many entries that were unreasonable, in the process producing one of the "long delays that punctuated the course of proceedings . . . ." Lock Realty Corp. IX v. U.S. Health, LP, 707 F.3d 764, 774 (7th Cir. 2013). The court's attempt to do the same with these fee petitions supported by documents rife with block billings and also containing duplicative entries has caused another such delay. We have reached the point that the court is doing Lock Realty's work for it.

It seems apparent that Lock Realty is entitled to an award of fees and expenses in some reasonable amount, but the court can't tell from Lock Realty's submission what fees and expenses are reasonable in defense of the cross-appeal and the collection efforts. Accordingly, the court denies Lock Realty's fee petitions with leave to re-file. Any subsequent submission must not include (a) block billing, (b) any duplicative entries, (c) time spent on Lock Realty's own appeal, (d) time spent on collection efforts after the judgments were satisfied, or (e) time spent on the fee petitions before the court today.

For all these reasons, the court DENIES all of the parties pending petitions for attorney fees and expenses [Doc. Nos. 210 and 211 in 05cv715] and [Doc. Nos. 394, 400, and 401 in 06cv487]. Lock Realty shall have three weeks from the date of this order to submit any amended petition for fees and expenses complying with

this order. If Lock Realty files such an amended petition, Americare shall have two weeks from the date of that filing within which to respond, and Lock Realty shall have one week from the filing of any response within which to reply.

SO ORDERED.

ENTERED:   April 2, 2014

/s/ Robert L. Miller, Jr.
Judge
United States District Court